IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-00097-MSK-MJW

WELLS FARGO BANK, N.A.,

Plaintiff,

v.

CLYDE COFFEY, aka CLYDE ALAN COFFEY;
SANDRA BROWN, aka SANDRA KAYE BROWN;
ESTATE OF CAROL L. WARING through its Personal Representatives,
        MICHAEL P. MARION and MARK A. MARION;
UNITED STATES OF AMERICA, acting through the Rural Housing Service
        or Successor Agency;
UNITED STATES DEPARTMENT OF AGRICULTURE;  and
ROSEMARY MURPHY, in her official capacity as the Public Trustee
        of Montrose County, Colorado,

Defendants.

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(DOCKET NO. 26)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion for Default Judgment (Docket No. 26).  The court has reviewed the subject motion and the exhibits attached thereto.  Defendants Clyde Coffey, Sandra Brown, and the Estate of Carol L. Waring have not filed any response to the subject motion.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That the court obtained jurisdiction over this matter pursuant to 26 U.S.C. §§ 2410 and 1444 when it was removed from state court;

2. That venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this is an in rem proceeding concerning real property located in the State of Colorado legally described as: "Lot 12, Earle Subdivision Replat as recorded May 30, 1985 in Plat Book 12 at Page 580, County of Montrose, State of Colorado" (the "Property") commonly known as and numbered as 449 Earle Lane, Montrose, Colorado;

3. That each party has been given fair and adequate opportunity to be heard;

4. That defendant Rosemary Murphy, in her official capacity as the Public Trustee of Montrose County, Colorado, filed a disclaimer of interest prior to removal of this matter to federal court on December 16, 2011 in Montrose County District Court Civil Case No. 2011CV490;

5. That the Judge Marcia S. Krieger approved a settlement agreement dismissing defendants United States of America and United States Department of Agriculture (the "Federal Defendants") on July 12, 2012.  See Docket No. 32;

6. That although the Federal Defendants have been dismissed herefrom, the court retains jurisdiction over the state law claims in the interests of judicial economy because all other defendants have disclaimed or defaulted.  See Anglemyer v. Hamilton Cnty. Hosp, 58 F.3d 533 (10th Cir. 1995) (district court should exercise

discretion to try pendent state claims where judicial economy and convenience would be served by retaining jurisdiction).  Notwithstanding that defendants Clyde Coffey and Sandra Brown are deceased, the court determines it may properly exercise jurisdiction because the matter is a proceeding in rem under Colo. R. Civ. P. 105 for determination of interest in property, and defendants Clyde Coffey and Sandra Brown have interests of record.  Under Colo. R. Civ. P. 105(b), "[n]o person claiming any interest under or through a person named as a defendant need be made a party unless his interest is shown of record in the office of the recorder of the county where the real property is situated, and the decree shall be conclusive against him as if he had been made a party . . . ."  It does not appear that their death certificates, letters testamentary, or other indication of the interest of their respective estates has been recorded in the Montrose County real estate records.  Consequently, although the Estates of Coffey and Brown obtained their interests prior to commencement of this action, under Colo. R. Civ. P. 105 their Estates need not be made parties hereto;

7. That Plaintiff's Motion for Default Judgment (Docket No. 26) seeks default judgment against the remaining defendants, namely Clyde Coffey, Sandra Brown, and the Estate of Carol L. Waring;

8. That a hearing was held on the subject motion before Magistrate Judge Watanabe on August 27, 2012, consistent with Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983) and Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985);

9. That defendants Clyde Coffey, Sandra Brown, and the Estate of Carol L. Waring

did not appear at this hearing nor did any of their representatives;

10. That defendants Clyde Coffey, Sandra Brown, and the Estate of Carol L. Waring were served by publication on April 12, 2012. See Docket No. 23-1. Defendants Clyde Coffey, Sandra Brown, and the Estate of Carol L. Waring have failed to answer or otherwise respond to the complaint, and therefore have admitted the factual allegations in the complaint. See Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996);

11. That the Clerk of the Court entered a Clerk's default pursuant to Fed. R. Civ. P. 55(a) against defendants Clyde Coffey, Sandra Brown, and the Estate of Carol L. Waring on June 14, 2012. See Docket No. 28;

12. That defendants Clyde Coffey, Sandra Brown, and the Estate of Carol L. Waring are not infants or incompetent, officers or agents of the State or Colorado, or in the military service;

13. That pursuant to Fed. R. Civ. P. 8(b)(6), the following facts are deemed admitted:

   a. Robert E. Waring Sr. and Carol L. Waring obtained title to the Property through a Warranty Deed recorded on October 5, 1995 at Book 906, Page 717, reception No. 611738 of the Records of the Clerk of Recorder of Montrose County, Colorado ("County Records");

   b. Robert E. Waring Sr. And Carol L. Waring conveyed the Property to Robert E. Waring Sr. by Special Warranty Deed dated April 14, 1999 and recorded April 26, 1999 at Book 999, Page 889, reception no. 651182 of the County Records;

   c. Robert E. Waring Sr. encumbered the Property by a Mortgage ("Waring

    Mortgage") to Carol L. Waring, dated April 14, 1999 and recorded April 26, 1999 at Book 999, Page 891, reception no. 651182 of the County Records;

d.  The indebtedness secured by the Waring Mortgage was paid in full or otherwise satisfied, but through oversight or neglect, no release of the mortgage was recorded;

e.  Robert E. Waring Sr. conveyed the Property to Clyde Coffey and Sandra Brown by Warranty Deed dated October 8, 1999 and recorded October 8, 1999 at Book 1013, Page 687, reception no. 656759 of the County Records; and

f.  Clyde Coffey and Sandra Brown executed a deed of trust ("Deed of Trust") encumbering the Property for the benefit of Wells Fargo, N.A. to defendant Public Trustee, dated November 30, 2006 and recorded December 13, 2006 at reception no. 765070.

14.  That under Colorado law, liens do not have independent existence, but are security for a debt. Mountain Ranch Corp. v. Amalgam Ent., Inc., 143 P.3d 1065, 1067-68 (Colo. App. 2005) (stating that an action on debt is a distinct claim from foreclosure lien). A lien does not exist independently of the debt it secures; rather, payment of the debt satisfies the lien. Marean v. Stanley, 38 P. 395, 397 (Colo. App. 1894); American Irrigation Co. v. Fadenrecht, 489 P.2d 1060, 1062 (Colo App. 1971). Because the Waring Mortgage was paid in full or otherwise satisfied, it follows that is no longer constitutes a lien on the Property.

6

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1. That default judgment enter in favor of Wells Fargo Bank, N.A. against Clyde Coffey, aka Clyde Alan Coffey, Sandra Brown, aka Sandra Kaye Brown, and Estate of Carol L. Waring through its Personal Representatives, Michael P. Marion and Mark A. Marion;

2. That a decree enter pursuant to Colo. R. Civ. P. 105 that the Mortgage from Robert E. Waring, Sr. to Carol L. Waring, dated April 14, 1999 and recorded April 26, 1999 at Book 999, Page 891, reception no. 651182 of the County Records is discharged and released, and no longer constitutes a lien upon the Property, and that the Deed of Trust to the Public Trustee of Montrose County, Colorado encumbering the Property for the benefit of Wells Fargo Bank, N.A. dated November 30, 2006 and recorded December 13, 2006 at reception no. 765070 of the records of the clerk and recorder of Montrose County, Colorado is a valid lien superior to the interests, if any, of defendants Clyde Coffey, aka Clyde Alan Coffey, Sandra Brown, aka Sandra Kaye Brown, and Estate of Carol L. Waring through its Personal Representatives, Michael P. Marion and Mark A. Marion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

7

**Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  August 27, 2012               s/ Michael J. Watanabe          
       Denver, Colorado              Michael J. Watanabe
                                     United States Magistrate Judge